UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ETTA NOVICK and ISAAC NOVICK, individually
and as Trustees of the Etta Novick, MD & Isaac
Novick, MD, PC Employees' Pension Trust,

                            Plaintiffs,          <u>MEMORANDUM AND ORDER</u>

      -against-          CV 05-3085
                                   (Wexler, J.)

BANKERS LIFE INSURANCE COMPANY OF
NEW YORK, KIRSCH FINANCIAL SERVICES,
INC., MICHAEL A. KIRSCH, EISNER C.P.A., P.C.,
LEONARD EISNER and TROY EISNER,

                          Defendants.
----------------------------------------------------------------X

APPEARANCES:

      JONATHAN A. STEIN, P.C.
      BY:  JONATHAN A. STEIN, ESQ.
      Attorneys for Plaintiffs
      132 Spruce Street
      Cedarhurst, New York 11516-1915

      KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
      BY: WILLIAM O. PURCELL and MICHELE A. HIGGINS, ESQS.
      Attorneys for Defendant Bankers Life Insurance Company of New York
      599 Lexington Avenue
      New York, New York 10022

      WINGET, SPADAFORA & SCHWARTZBERG, LLP
      BY: DIANNA D. McCARTHY, ESQ.
      Attorneys for Defendants Michael A Kirsch and Kirsch Financial Services, Inc.
      45 Broadway, 19th Floor
      New York, New York 10006

      KORN & SPIRN, ESQS.
      BY: JAY H. KORN, ESQ.
      Attorneys for Defendants Eisner C.P.A., P.C., Leonard Eisner, and Troy Eisner
      Hempstead Executive Plaza
      50 Clinton Street, Suite 503
      Hempstead, New York  11550

2

WEXLER, District Judge

Plaintiffs Etta Novick and Isaac Novick, individually and as trustees of the Etta Novick & Isaac Novick, MD, PC Employee Pension Trust filed this action in Nassau County Supreme Court against three groups of defendants: (1) Bankers Life Insurance Company of New York ("Bankers Life"); (2) Kirsch Financial Services, Inc. and Michael Kirsch (collectively, "Kirsch"); and (3) Eisner C.P.A., P.C., Leonard Eisner, and Troy Eisner (collectively, "Eisner"). Bankers Life filed a timely notice of removal, asserting that plaintiffs' claims fall within the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., which provides exclusive federal jurisdiction. Plaintiffs moved to remand under 28 U.S.C. § 1447(c), and defendants opposed the motion.

This Court, by Memorandum and Order dated January 9, 2006, granted the motion to remand on the ground that Eisner did not file or attempt to file consent within the 30-day period of § 1446(b). Novick v. Bankers Life Ins. Co., 410 F. Supp. 2d 98 (E.D.N.Y. 2006) ("Novick I"). Familiarity with Novick I is presumed. Bankers Life moves for reconsideration of Novick I on the ground that plaintiffs failed to raise this procedural defect within 30 days after the notice of removal was filed on June 27, 2005; and plaintiffs move to recover expenses, including attorney's fees, under 28 U.S.C. § 1447(c), which provides that a remand order "may" require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

A review of the record shows that plaintiffs filed a timely remand motion on July 17, 2005. In their initial motion papers, plaintiffs argued that the action must be remanded because their claims do not fall within ERISA. Bankers Life, Kirsch, and Eisner served opposition

papers on September 9, 2005, addressing this ground.  Eisner's papers included affidavits opposing the remand motion and acknowledging that Eisner had consented to the removal of the action by Bankers Life.  In their reply papers served on October 7, 2005 – more than 90 days after the initial remand motion – plaintiffs argued for the first time that not all of the defendants filed timely written consents to join in the removal.  Eisner responded to plaintiffs' reply papers by filing surreply papers on October 11, 2005, which papers included an affidavit stating that Eisner had consented to the removal from its inception; had communicated such consent to all defendants prior to the notice of removal; had executed affidavits on September 9, 2005, which stated their previous consent to the removal; and repeated and reiterated their consent to removal.  Plaintiffs responded by letter dated October 12, 2005, complaining that Eisner was not granted permission to file surreply papers and reasserting that, in any event, Eisner had not filed with the Court a "written unambiguous consent" to the removal within the 30-day period following Bankers Life's filing of the notice of removal.  Bankers Life did not file or seek to file any papers addressing the alleged procedural defect or the fact that the procedural defect was asserted for the first time in plaintiffs' reply papers.  With no further submissions, the motion was then ready for the Court's consideration.  As noted, the Court issued its decision on January 9, 2006.

        In their motion for reconsideration, Bankers Life argues, inter alia, that plaintiffs waived the procedural defect by failing to assert it within 30 days of the notice of removal, and that this Court had no authority to remand based on a procedural defect not timely raised in the motion to remand.  Notwithstanding defendants' failure to raise the waiver issue in their initial motion papers, the Court finds that plaintiffs, by raising this defect for the first time in their reply papers,

have waived this defect. See, e.g., United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003).

However, it does not follow that this Court lacked authority to remand sua sponte more than 30

days after removal given that a timely remand motion was made, albeit one that did not initially

raise the procedural defect. This issue has not been decided by the Second Circuit. Indeed, in an

opinion issued three days after Novick I, the Second Circuit found that the answer to this novel

issue is "not clear." Mitkovski v. Buffalo & Erie Pub. Bridge Auth., 435 F.3d 127, 132-33 (2d

Cir. 2006). In Mitkovski, the Second Circuit assumed, without deciding, that a district court had

authority to remand sua sponte more than 30 days after removal on a procedural ground not

raised by a party in view of the fact that a timely remand motion had been made. Nevertheless,

even assuming this Court has such authority, the Court does not believe it would be a prudent

exercise of that authority to remand this action based on a procedural defect waived by plaintiffs.

Accordingly, Bankers Life's motion for reconsideration is granted and, upon

reconsideration, the order remanding the case is vacated. The Court will separately consider and

decide plaintiffs' alternative argument – that the action must be remanded because their claims

do not fall within ERISA. Given that the remand order is vacated, plaintiffs' request for

expenses, including attorney's fees, is denied without prejudice. The Clerk of Court is directed

to terminate the motions.

SO ORDERED.

_____
            /s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 21, 2006